IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

\*

UNITED STATES OF AMERICA,      \*

    Plaintiff,        \*

      v.         \*      CIVIL NO. RDB 05-1501

MORTON SARUBIN,        \*

    Defendant.      \*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM OPINION

Pending before this Court is the Motion for Summary Judgment filed by Plaintiff United

States of America seeking judgment in the amount of $4,092,983 for unpaid taxes, penalties, and

interest allegedly owed by Morton Sarubin ("Defendant" or "Sarubin").  Defendant opposes the

Government's Motion on two main grounds.  First, Defendant argues that there are factual

questions regarding a statute of limitations defense for taxes owed for 1994.  Second, Defendant

contends that the Government has incorrectly accessed interest, in that interest should accrue

from  September 2, 2005, the date that the certifying Internal Revenue Service ("IRS") officer

certified the certificate of assessments[1] and not from the date the tax liabilities arose.  The Court

---

[1]    Sarubin received  notice of his liability *via* a Certificate of Official Record dated
September 23, 2005, but the certifying officer certified the records on September 2, 2005 with
his signature placed under the following statement:

> I certify that the foregoing transcript of the taxpayer named above in respect to the taxes
> specified is a true and complete transcript for the period stated, and all assessments,
> abatements, credits, refunds, and advance or unidentified payments, and the assessed
> balance relating thereto, as disclosed by the record of this office as of the account status
> date are shown therein.  I further certify that the other specified matters set forth in this
> transcript appear in the official records of the Internal Revenue Service.

has reviewed the parties' submissions and considered the legal arguments presented during the

July 19, 2006, hearing on the Government's Motion for Summary Judgment.  For the reasons

that follow, the Motion for Summary Judgment filed by the United States is GRANTED in part,

and DENIED in part.

## BACKGROUND

On June 3, 2005, the Government filed this action.  On July 13, 2005, Defendant

answered the Complaint, noting statute of limitations as an affirmative defense.  On January 31,

2006, the United States moved for summary judgment seeking for this Court to enter a judgment

in is favor, and against Sarubin, for $4,092,983.  The judgment figure represents taxes, penalties,

and interest stemming from Sarubin's underpayment of taxes for the tax years 1994 and 1995.

Sarubin made a timely filing for the 1994 tax year, however, he underpaid.  (*See* Ex. A to

Gov.'s Mot. for Summ. J.)  For the 1995 tax year, Sarubin sought several extensions before filing

on October 17, 1996.  (*See* Ex. A to Gov.'s Mot. for Summ. J.)    After that time, Sarubin made

some nominal payments on his taxes due.  (*See* Ex. A to Gov.'s Mot. for Summ. J.)  As

discussed in more detail below, Sarubin does not contest that some unpaid taxes are owed, but

does not agree with the $4,092,983 figure included in the Government's Motion.

On July 19, 2006, this Court conducted a hearing on the Government's motion.

Following the hearing, at the Court's request, the parties submitted post-hearing submissions.

These submissions focused on the sum of the interest portion due to the IRS and the appropriate

date from which interest should be accessed in this case.

## STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil

Procedure when there is no genuine issue as to any material fact, and the moving party is plainly

entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 249 (1986), the Supreme Court explained that, in considering a motion for summary

judgment, "the judge's function is not himself to weigh the evidence and determine the truth of

the matter but to determine whether there is a genuine issue for trial."  A dispute about a material

fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the

evidence unmistakably favors one side or the other but whether a fair-minded jury could return a

verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences

drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v.*

*Diebold*, Inc., 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424

F.3d 397, 405 (4th Cir. 2005).  However, the opponent must bring forth evidence upon which a

reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  "Once the

movant has established the absence of any genuine issue of material fact, the opposing party has

an obligation to present some type of evidence to the court demonstrating the existence of an

issue of fact." *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005)

(citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)).  Rule

56(e) also requires that "affidavits submitted by the party defending against a summary-

judgment motion contain specific facts, admissible in evidence, from an affiant competent to

testify, 'showing that there is a genuine issue for trial.'" *Id.* (quoting 10B Charles Alan Wright

& Arthur R. Miller, *Federal Practice and Procedure* § 2740, 399 (3d ed. 1998)).  The mere

existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to

preclude an order granting summary judgment.  *Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material

fact through mere speculation or compilation of inferences."  *Shin v. Shalala,* 166 F. Supp. 2d

373, 375 (D. Md.  2001) (citations omitted).  Indeed, this Court has an affirmative obligation to

prevent factually unsupported claims and defenses from going to trial.  *Drewitt v. Pratt*, 999 F.2d

774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th

Cir. 1987)).

<u>DISCUSSION</u>

Both parties agree that certificates of assessments and payments are presumptive proof of

valid assessments and the amount of a defendant's unpaid tax liabilities.  *See United States v.*

*Reamer*, 1999 WL 594700, *1 (D. Md. 1999), *aff'd*, 208 F.3d 211 (4th Cir. 2000) (table)

(quoting *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992) ("Certificates of assessments

and payments are generally regarded as being sufficient proof, in the absence of evidence to the

contrary, of the adequacy and propriety of notices and assessments that have been made.").

Indeed, there is a rebuttable presumption that the Government's tax assessments are correct.  *See*

*United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980).  As to the 1995 tax year, Sarubin

concedes that he is liable for the amount of tax assessed – $619,808 – in addition to penalties for

a total amount owed equal to $710,362.27.  (*See* Ex. A to Gov.'s Mot. for Summ. J.)

Sarubin argues, however, that there is a genuine issue of material fact as to whether the

Government is prohibited from collecting Sarubin's tax liability for 2004 based on a statute of

4

limitations defense.  Both parties agree that the applicable statute of limitations is 10 years.  26

U.S.C. § 6502(a)(1).  In this case, Sarubin filed a timely return for 1994, but underpaid.  On June

5, 1995, some six weeks after Sarubin's timely filing, the IRS assessed the additional tax due for

1994.  (*See* Ex. A to Gov.'s Mot. for Summ. J.)

In support of his statute of limitations argument, Defendant proffers that the IRS

frequently assesses tax liabilities on the filing deadline, April 15.  Defendant contends that if the

IRS actually did its assessment on April 15, 2005 (and not June 5, 2005) then the statute of

limitations expired prior to the Government filing this action on June 3, 2005.  Defendant also

highlights a June 13, 2005, entry on the certificate of assessments stating "Statute Expired -

Clear to Zero Uncollectable Amount Owed $1,157,014. 43."   (*See* Ex. A to Gov.'s Mot. for

Summ. J.)  Defendant argues that this entry – coupled with an out-of-sequence entry on May 19,

2005, noting the pendency of a legal suit –  and along with Defendant's proffer concerning his

view on the IRS's general practice on the timing of assessments, creates a genuine issue of

material fact as to whether the Government actually assessed the tax on June 5, 2005.

This Court does not find that either the June 13, 2005, entry or the out-of-sequence May

19, 2005, entry create a genuine issue of material fact concerning a potential statute of

limitations bar on Sarubin's 1994 tax liability.  On the same day the entry noting the expiration

of the statute of limitations was made, there is a correction reinstating the balance due.  (*See* Ex.

A to Gov.'s Mot. for Summ. J.)  In addition, this Court does not find that Defendant's proffer

that tax assessments usually coincide with the filing deadline sufficient to rebut the entry on the

certificate of assessments noting a June 5, 2005, assessment date.  Indeed, the Government filed

its Complaint within the statute of limitations, on June 3, 2005, within 10 years from the

assessment date.  Having determined that no statute of limitations bar exists as to the 1994 tax

year, the amount of tax owed for 1994 is undisputed.  The amount of tax assessed is

$1,157,014.43.  (*See* Ex. A to Gov.'s Mot. for Summ. J.)

Although both parties agree that interest accrues on a quarterly basis based on a rate set

by the IRS, the parties do not agree on the amount of interest due by Sarubin on his unpaid 1994

and 1995 tax assessments.  This disagreement stems from two different views on when interest

should begin to accrue.  The Government contends that interest accrues from the due date of the

return until all amounts are paid.  Sarubin argues that interest accrual commences when the

Certificate of Official Record was prepared on September 2, 2005.

The Government states that Section 6601 of the Internal Revenue Code compels interest

accrual from the due date of the return until the amounts due are paid.  *See* 26 U.S.C. § 6601.

The Government does not cite any particular subsection of Section 6601.  In further support of

this position, the Government cites this Court's earlier opinion in *United States v. LaRosa*, 993

F. Supp. 907 (D. Md. 1997), *aff'd* 155 F.3d 562 (4th Cir. 1998) (table).  However, the facts in

*LaRosa* are different than the case at bar.  In *LaRosa* the taxpayers, who settled with the IRS, had

underpaid their taxes for the years 1981, 1982, and 1983, but had overpaid their taxes for the

years 1984 and 1985.  *See id.*  As a result, the IRS erroneously refunded money to a taxpayer

because it believed it should not have charged interest on the entire amount of the

underpayments.  *See id.* at 910.  As a result, this Court in *LaRosa* evaluated the appropriateness

of interest depending on whether the erroneously refunded funds constituted a credit or a refund.

*See id.* at 914.  This Court concluded under either reasoning that the Government was entitled to

summary judgment and could recover the $1.5 million it erroneously refunded.  *See id.*

6

In *LaRosa* this Court was not faced with the precise issue presented in this case.  In fact,

*LaRosa* highlights that Section 6601 is much more complex than the Government suggests in

this case.[2]  The Government contends that Section 6601 states "interest accrues from the due

date of the return until paid." (Gov. Post-hearing Submission at 1.)  More specifically, Section

6601(a) states:

> **(a) General rule.**--If any amount of tax imposed by this
> title (whether required to be shown on a return, or to be
> paid by stamp or by some other method) is not paid on or
> before the last date prescribed for payment, interest on such
> amount at the underpayment rate established under section
> 6621 shall be paid for the period from such last date to the
> date paid.

26 U.S.C. § 6601(a).  Section 6601 proceeds to delineate how to determine "last date prescribed

for payment" depending on a variety of different possible circumstances.  *See e.g.*, 26 U.S.C.

6601(b)(5) ("In the case of taxes payable by stamp and in all other cases in which the last date

for payment is not otherwise prescribed, the last date for payment shall be deemed to be the date

the liability for tax arises (and in no event shall be later than the date notice and demand for the

tax is made by the Secretary).")

In this case, Sarubin received a Certificate of Official Record on September 23, 2005,

which certified the amount due as of September 2, 2005.  It is undisputed that this Certificate

lists an amount due and makes no reference to additional interest due and owing.  Specifically,

---

[2]      However, this Court in *LaRosa* did state that the "Government asserts that the
refund was erroneous because the original calculations were correctly made under the provisions
of § 6601(a) of the Internal Revenue Code ("IRC") which provides for the accrual of interest on
past due tax liabilities until those liabilities are paid." *United States v. LaRosa*, 993 F. Supp.
907, 910 (D. Md. 1997).

the Certificate does not note that the full balances listed as due and owing are exclusive of

accrued interest.  *See supra* at n.1.  Therefore, if Sarubin were to have paid the balances shown

in full upon receipt of the Certificate, he would have done so with the justified expectation that

such payment would bring full closure to the matter.  It is simply untenable that the Government

should send such a notice representing a fixed figure as of a certain date and then seek additional

funds not previously stated.

As previously noted, the Sixth Circuit in *Gentry v. United States*, 962 F.2d 555 (6th Cir.

1992), which was cited by this Court in *United States v. Reamer*, 1999 WL 594700, \*1 (D. Md.

1999), stated:  "Certificates of assessments and payments are generally regarded as being

sufficient proof, in the absence of evidence to the contrary, *of the adequacy and propriety of*

*notices and assessments that have been made*."  *Id.* at 557 (emphasis added).  In this case, this

Court is not satisfied with the adequacy and propriety of the notices made to Sarubin because the

notices did not clearly indicate the amount the Government now contends was actually owed as

of September 2, 2005.  Furthermore, this Court is not satisfied that the Government's broad

citation to Section 6601 commands a different result.

Therefore, this Court will enter judgment in the amount agreed to by the parties in their

post-hearing submissions, calculated to exclude additional interest prior to September 2, 2005,

but inclusive of interest through July 20, 2006, of $1,230,203.38 for the 1994 tax year and

$755,297.47 for the 1995 tax year.  As a result, judgment will be entered in favor the

Government and against Sarubin in the amount of $1,985,500.85.[3]

---

[3]     While the parties have contested the above legal issues in submissions to the
Court, they concur as to the precise amount of the judgment in light of this Court's legal ruling.

CONCLUSION

For the reasons stated above, the Motion for Summary Judgment filed by the Plaintiff

United States of America is GRANTED in part, and DENIED in part.  A separate Order and

Judgment will follow.


Date: July 24, 2006                              /s/
                                                 Richard D. Bennett
                                                 United States District Judge